Note: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**STANLEY C. BRASCH**,
*Petitioner*

v.

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

---

2016-1923, 2015-1925

---

Petitions for review of the Merit Systems Protection Board in Nos. CH-4324-15-0487-I-1, CH-4324-15-0390-I-1.

---

Decided: November 3, 2016

---

STANLEY C. BRASCH, St. Louis, MO, pro se.

LINDSEY SCHRECKENGOST, Office of the General Counsel, Merit Systems Protection Board, Washington, DC, for respondent. Also represented by BRYAN G. POLISUK.

---

Before O'MALLEY, REYNA, and CHEN, *Circuit Judges*.

PER CURIAM.

Stanley C. Brasch petitions for review of two final decisions of the Merit Systems Protection Board ("the Board") (Nos. CH-4324-15-0487-I-1 and CH-4324-15-0390-I-1). Mr. Brasch argues that the Board improperly dismissed his appeals under the Uniformed Services Employment and Reemployment Rights Act of 1994 ("USERRA") for lack of jurisdiction. We *affirm*.

BACKGROUND

Mr. Brasch is a Computer Specialist with the Department of Transportation, Federal Aviation Administration's ("the Agency") Air Traffic Organization Technology office in St. Louis, Missouri. On April 13, 2015 and June 2, 2015, Mr. Brasch filed two initial appeals of agency personnel actions with the Board, alleging that the Agency had violated USERRA. Specifically, Mr. Brasch alleged that the Agency had (1) denied him employment benefits, (2) discriminated against him for engaging in protected whistleblower activity, and (3) subjected him to harassment, retaliation, discrimination, and a hostile work environment.

On April 14, 2015 and June 4, 2015, the Board Administrative Judge ("AJ") issued orders on USERRA Jurisdiction and Notice of Proof Requirements. The orders described the legal requirements to establish jurisdiction in a USERRA appeal and explained that conclusory, vague, or unsupported allegations were insufficient to meet this standard. In response, Mr. Brasch provided proof of his military service, listed his prior Board appeals alleging the Agency committed USERRA violations, and reiterated the Agency actions listed in his appeals.

On November 16, 2015 and November 19, 2015, the AJ dismissed both of Mr. Brasch's appeals for lack of jurisdiction, stating that Mr. Brasch had failed to make a non-frivolous allegation that his military status was at least a motivating factor in the Agency's alleged actions

against him. On February 26, 2015, the Board denied Mr. Brasch's petition for review and affirmed the Initial Decisions. Mr. Brasch appeals these decisions; we have jurisdiction over Mr. Brasch's appeals pursuant to 28 U.S.C. § 1295(a)(9) and 5 U.S.C. § 7703(b)(1)(A).

## DISCUSSION

As stated in 5 U.S.C. § 7703(c), we must affirm a decision of the Board unless we find it to be: (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. *Forest v. Merit Sys. Prot. Bd.*, 47 F.3d 409, 410 (Fed. Cir. 1995). Whether the Board has jurisdiction to adjudicate a particular appeal is a question of law that this court reviews de novo. *Bolton v. Merit Sys. Prot. Bd.*, 154 F.3d 1313, 1316 (Fed. Cir. 1998). The petitioner bears the burden to show that the Board may exercise jurisdiction in a case. *Prewitt v. Merit Sys. Prot. Bd.*, 133 F.3d 885, 886 (Fed. Cir. 1998).

The Board has jurisdiction over claims made by federal employees subject to the rights and protections of USERRA. 38 U.S.C. §§ 4304(1), 4324(b); 5 C.F.R. § 1208.2(a). Mr. Brasch alleges the Agency committed USERRA violations that fall under both §§ 4311(a) and (b). Under § 4311(a), USERRA provides specific rights to covered employees who have been "denied . . . employment, reemployment, retention in employment, promotion, or any benefit of employment" due to their military service. 38 U.S.C. § 4311(a); 5 C.F.R § 1208.2(a). In § 4311(b), USERRA prohibits employment discrimination against any person who "(1) has taken an action to enforce a protection afforded any person under this chapter, (2) has testified or otherwise made a statement in or in connection with any proceeding under this chapter, (3) has assisted or otherwise participated in an investiga-

tion under this chapter, or (4) has exercised a right provided for in this chapter." 38 U.S.C. § 4311(b).

To establish that the Board has jurisdiction over an alleged USERRA violation under § 4311(a), a petitioner must make non-frivolous allegations that (1) he or she was a member of the uniformed services, (2) the agency denied initial or continued employment or a benefit of employment, and (3) military service was a "substantial or motivating factor" in the denial. *Sheehan v. Dep't of Navy*, 240 F.3d 1009, 1013 (Fed. Cir. 2001). To establish that the Board has jurisdiction over the reprisal-type USERRA violation under § 4311(b), a petition must make non-frivolous allegations that (1) the petitioner took action to enforce a protection afforded to any person under Chapter 43 of Title 38 of the U.S. Code, and (2) the petitioner's action was a "substantial or motivating factor" in the agency discrimination or retaliation. *Id.* Under either cause of action, the Board has jurisdiction over the appeal only if the petitioner alleges facts that, if proven, would establish a violation of USERRA. *See id.* Conclusory, vague, or unsupported allegations are not sufficient to meet this standard.

Between his two appeals, Mr. Brasch alleges the Agency committed nine separate § 4311(a) USERRA violations by: (1) denying five requests to speak with management in April and May 2015 concerning employment issues; (2) denying his badge access to the St. Louis Tower, which provided him computer support; (3) failing to respond to his January 2015 annual leave restoration request; (4) failing to speedily process his fiscal year 2014 local travel; (5) denying his request to have his hard drive restored after it was infected by a computer virus; (6) denying him computer administrative access rights, in violation of Agency policies; (7) denying his request to attend the Agency's Program for Emerging Leaders; (8) denying his request for administrative leave to assist the U.S. Department of Defense at a U.S. Chamber of

Commerce Foundation, Hiring Our Heroes event; and (9) requiring that, in the future, he would have to submit a daily activity report.

Mr. Brasch has failed to establish that the Board has jurisdiction over his § 4311(a) appeals. Mr. Brasch's allegations under § 4311(a) are all of a similar type—he alleges that the Agency denied him certain benefits provided to non-military Agency personnel because of his military service. Mr. Brasch submitted sufficient documentation of his military service for the AJ to find that Mr. Brasch had been a member of the uniformed services and thus that the requirements of the first prong of § 4311(a) were fulfilled. But prongs two and three of § 4311(a) require Mr. Brasch to also show that the Agency denied him a benefit of employment, and that prior military service was a "substantial or motivating factor" in the Agency's denial. While it is not clear whether the Board determined in its decision that the benefits Mr. Brasch claimed *were*, in fact, benefits of employment, it is clear that Mr. Brasch has not provided any factual basis to link the Agency's denial of the alleged benefits to his prior military service. The essence of a meritorious § 4311(a) USERRA claim is that a covered individual was denied a benefit *because* he or she served in the military.

We agree with the Board's determination that Mr. Brasch has "failed to allege facts, which, if proven, could establish that his military status or his USERRA activity was at least a motivating factor in the cited agency actions." *Brasch v. Dept. of Transp.*, CH-4324-15-0390-I-1, Final Order at 4 (M.S.P.B. Feb. 26, 2016). Because Mr. Brasch failed to make non-frivolous allegations that the Agency denied him benefits based on his prior military service, we affirm the Board's decisions dismissing his § 4311(a) claims for lack of jurisdiction.

We also find Mr. Brasch has failed to establish the Board's jurisdiction over his reprisal-type § 4311(b)

claims. Mr. Brasch alleges that the Agency violated § 4311(b) by retaliating against him for raising multiple USERRA claims to the Board. As with his § 4311(a) claims, Mr. Brasch's § 4311(b) claims are wholly conclusory. We agree that Mr. Brasch has failed to allege facts which, if proven, may establish that his USERRA activity was at least a motivating factor in the Agency's actions. Because Mr. Brasch has not alleged an adequate causal link between the alleged Agency reprisal and Mr. Brasch's multiple USERRA claims, we find that the Board properly affirmed the AJ's Initial Decisions dismissing these § 4311(b) appeals for lack of jurisdiction.

## CONCLUSION

We have considered Mr. Brasch's remaining arguments and conclude that they are without merit. For the foregoing reasons, we affirm the Board's decisions.

**AFFIRMED**